IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BONEY** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:04CV609 |
| | § | |
| **CABLE ONE, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DISMISSING
CASE FOR LACK OF JURISDICTION AND, IN THE
ALTERNATIVE, GRANTING MOTION FOR SUMMARY JUDGMENT**

THIS MATTER COMES BEFORE THE COURT on the Court's own Motion, as well as the Defendant's Motion for Summary Judgment [14], filed June 17, 2005. There has been no response to the Defendant's Motion filed by the Plaintiff. After due consideration of the matters at issue, the Court concludes that it lacks subject matter jurisdiction of this case, and Plaintiff's claims should therefore be dismissed. Furthermore, and in the alternative, after reviewing Defendant's arguments and evidence, and the relevant law, it is the Court's opinion that the Defendant's Motion for Summary Judgment should be granted.

DISCUSSION

PROCEDURAL HISTORY:

Plaintiff filed this case in July 2004, and it was scheduled for jury selection and trial during the calendar beginning October 3, 2005. After the close of discovery, Defendant filed a motion for summary judgment. However, because of Plaintiff's counsel's commitments to the U.S. military, Plaintiff obtained a number of extensions of time to file a response to the motion. The trial date was also continued. At Plaintiff's request, the Court ordered Plaintiff to obtain substitute counsel and file a response to the summary judgment motion by September 9,

2005.  As a result of Chief Judge Wingate's Order following Hurricane Katrina, this deadline was automatically extended to October 17, 2005.  This date has come and gone without substitute counsel appearing or a response to the summary judgment motion having been filed.  Nor has the Plaintiff communicated with the Court in any way.

PLAINTIFF'S COMPLAINT:

Plaintiff Boney complains that he was wrongfully discharged from his position as Defendant's office manager in Biloxi, Mississippi.  He alleges that he was terminated 1) because of his association with African-American employees of the Defendant in violation of Title VII; 2) "to make way for younger employees" in violation of the Age Discrimination in Employment Act ("ADEA"); and 3) "to make way for non-disabled persons" in violation of the Americans with Disabilities Act ("ADA").  He further alleges that his termination violated his constitutional right to due process as well as Mississippi public policy.

SUBJECT MATTER JURISDICTION:

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993 (2001); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery,* 243 F.3d at 919.  The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied,* 536 U.S. 960 (2002); *Howery,* 243 F.3d at 916.  Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot,*

85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984)).

Regardless of whether a party raises the issue, this court may question its own jurisdiction. *Burks v. Texas Co.,* 211 F.2d 443, 445 (5th Cir. 1954) (questions of federal jurisdiction may be raised at any time by either the court *sua sponte* or by motion of any interested party); *Broussard v. U.S.,* 989 F.2d 171, 176 (5th Cir. 1993) (district court is vested with authority to inquire, at any time, whether conditions to exercise of its subject matter jurisdiction have been met). The Fifth Circuit has "repeatedly [] instructed that before proceeding with a case, federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Torres v. Southern Peru Copper Corp.,* 113 F.3d 540, 542 (5th Cir. 1997).

To maintain a Title VII action, a complainant must first file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice, 42 U.S.C. § 2000e-5(e), and receive the statutory notice of right to sue, § 2000e-5(f). These requirements apply to claims brought under the ADA and the ADEA as well. *See Miller v. Southwestern Bell Telephone Co.* 2002 WL 31415083, 7 (5th Cir. 2002) (ADA) and *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 -726 (5th Cir. 2002) (ADEA). The Plaintiff in this case alleges that he made a complaint to the EEOC and received a right-to-sue letter dated April 15, 2004. There are no other allegations regarding EEOC proceedings contained in the Complaint, and neither Plaintiff's EEOC complaint nor his right-to-sue letter are among the documents filed in this case.

As a court of limited jurisdiction, this Court is not empowered to make any assumptions

as to the filing or the contents of any complaints with the EEOC.  *Cutliff v. Greyhound Lines, Inc.,* 558 F.2d 803, 807 (5th Cir. 1977).  Without reviewing the EEOC complaint, the Court is unable to determine if Plaintiff has exhausted his administrative remedies by presenting the issues raised in this lawsuit to the EEOC,  "Failure to comply with [this exhaustion] requirement[] wholly deprives the district court of jurisdiction over the case; it is the well-settled law of this circuit that each requirement is a prerequisite to federal subject matter jurisdiction."  *Id.*  The Court therefore should not reach the merits of this case but should dispose of the claims in favor of the Defendant on the issue of lack of jurisdiction.  *Cutliff v. Greyhound Lines, Inc.,* 558 F.2d at 807.  However, when the merits of Plaintiff's claims are nevertheless considered, the Court finds that they should be dismissed independent of this procedural deficiency.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT:

Defendant's Motion for Summary Judgment is unopposed.  A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule.  The movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed.  *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985).

Defendant Cable One's evidence shows that the Plaintiff served as Cable One's Office Manager in Biloxi, Mississippi from 1997 until his termination in October 2003.  (Defendant's Exh. 1, pgs. 1-2).  The Vice President of Human Resources for Cable One became aware of complaints about Plaintiff's behavior toward other employees in the Biloxi office beginning in

August 2003.  *Id.*, pg. 2.  Additional complaints were received, *Id.* at 2-3, and an investigation was conducted by senior management employees.  *Id,* pg. 4.  It was determined that Plaintiff was viewed by his subordinates as engaging in favoritism, as having failed to respond appropriately to harassment and other complaints, and as both tolerant of and a participant in inappropriate workplace behavior.  *Id.*, pgs. 4-5.

When the senior management employees questioned Plaintiff about these issues, he "promised to confront any employee who spoke negatively about him."  *Id.*, pg 6.  He stated this at his deposition as his desire to have a "serious conversation" with those employees.  (Defendant's Exh. 4, pg. 39).  Despite being told by his manager that he was not to retaliate in this manner, (Defendant's Exh. 1, pg. 6), Plaintiff disregarded that instruction and questioned employees about their conversations with the senior management employees. (Defendant's Exh. 3, pg. 2).

According to the affidavit of a Vice President for Cable One (Defendant's Exh. 2), Plaintiff was terminated as a result of the problems Cable One's investigation revealed: favoritism, tolerance of inappropriate language or sexual banter, gossip and creation of cliques, and the use of fear tactics and intimidation as a manager.  Plaintiff had also been insubordinate by threatening retaliation against employees during his meeting with senior management and in following through on his threat.  (Defendant's Exh. 2, pgs. 5-6).  His termination had nothing to do with age, race or an alleged disability.  *Id.*, pgs 6-7.

Thus, even if the Court presumes that Plaintiff has established a prima facie case of discrimination, the Defendant has provided evidence rebutting the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for its treatment of the Plaintiff.  *See St.*

*Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955 (5th Cir. 1993); *Guthrie v. Tifco Indus.*, 941 F.2d 374 (5th Cir. 1991). Based upon Defendant's evidence, and in the absence of any controverting evidence from the Plaintiff, it appears to the Court that the Defendant has met its burden of showing that there is no genuine issue of material fact for the jury in regard to any of Plaintiff's discrimination claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment [14] pursuant to FED. R. CIV. P. 56 is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE